

1 | Jon H. Lieberg, Esq. (SBN 82324)
LIEBERG OBERHANSLEY LLP
2 | 41911 Fifth Street, Suite 300
Temecula, California 92590
3 | Tel. No.  (951) 699-6600
Fax No.  (951) 699-6616
4 | Email:jlieberg@losglaw.com

5 | Attorneys for Creditors Keith H. Candee
and Original Thurber Ranch LLC
6

7

**FILED & ENTERED**

**JAN 18 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY moser     DEPUTY CLERK

**CHANGES MADE BY COURT**

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

10

11 | In re:

12 | TAREK EL SAYED AYOUB and
GABRIELA VILLEDA AYOUB
13
Debtors.
14
—————————————————
KEITH H. CANDEE and ORIGINAL
15 | THURBER RANCH LLC, formerly
Known as Thurber Ranch LLC,
16
Plaintiffs,
17
v.
18
TAREK EL SAYED AYOUB and
19 | GABRIELA VILLEDA AYOUB,
20
Defendants.
21

Bankruptcy Case No. 6:16-bk-13096-MH

Chapter 7

Adv. No.: 6:16-ap-01219-MH

**ORDER ON PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT TO DETERMINE
DEBT TO BE NON-DISCHARGEABLE
UNDER 11 U.S.C. 523(a)(6)**

Hearing Date:  January 9, 2019
Time:  2:00 p.m.
Courtroom:  303 – Judge Mark Houle
Place:  3420 Twelfth Street
Riverside, CA 92501

22

23 |     The motion for summary judgment of Plaintiffs Keith H. Candee and Original

24 | Thurber Ranch LLC ("Plaintiffs"), pursuant to Rule 7056 of the Federal Rules of

25 | Bankruptcy Procedure, with regard to Plaintiffs' Complaint to Determine Non-

26 | Dischargeability of Debt under 11 U.S.C. 523(a)(6) and all related Affirmative Defenses

27 | raised by Defendants Tarek el Sayed Ayoub and Gabriela Villeda Ayoub ("Debtors") in

28 | their Answer (the "Motion"), came on for hearing on January 9, 2019 at 2:00 p.m. in

1

Courtroom 303 before the Honorable Mark D. Houle, United States Bankruptcy Judge.

Jon H. Lieberg, Esq. of Lieberg Oberhansley LLP appeared for Plaintiffs.  Debtors

appeared in propria persona.

Prior to the hearing, the Court posted a tentative ruling granting Plaintiffs'

Motion, a copy of which is attached hereto (the "Tentative Ruling").

Based upon the papers submitted in support of and in response to the Motion, the

papers and pleadings filed in this adversary proceeding, the arguments of the parties

made and as set forth on the record, the findings of fact and conclusions of law as set

forth in the Tentative Ruling, including the Court's finding that public policy supports the

application of issue preclusion in this matter, notice appearing proper and good cause

appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Court adopts the Tentative Ruling as its Final Ruling and grants the

Motion based on the Court's findings of fact and conclusions of law as set forth in the

Tentative Ruling and as augmented on the record, and the arguments made and facts

established by Plaintiffs' moving papers, and finds that the Plaintiffs have established

that there is no genuine dispute as to any material fact, that public policy supports the

application of issue preclusion in this matter, and that Plaintiffs are entitled to judgment

as a matter of law.

Date: January 18, 2019

Mark Houle
United States Bankruptcy Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT          6:16-ap-01219-MH

## United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

Wednesday, January 9, 2019                                    Hearing Room    303

2:00 PM
**6:16-13096    Tarek El Sayed Ayoub**                          Chapter 7
Adv#: 6:16-01219        Candee et al v. Ayoub et al

#32.00    Motion For Summary Judgment

Also #33

EH ___

                        Docket        21

**Tentative Ruling:**

**01/09/2019**
**BACKGROUND**

On April 6, 2016, Tarek and Gabriela Ayoub (collectively, "Debtors") filed a Chapter 11 voluntary petition. On April 12, 2016, Debtors' case was dismissed for failure to file initial petition documents. On April 13, 2016, Debtors filed a motion to vacate dismissal; that motion was granted on April 15, 2016. On May 4, 2016, Debtors' case was again dismissed for failure to file schedules, statements, and/or plan. Two days later, Debtors filed a second motion to vacate dismissal; on May 26, 2016, the second motion to vacate dismissal was granted. On October 27, 2016, the Debtors moved to convert their case to a case under chapter 7. The case was converted on October 31, 2016. Among the creditors of the Debtors' estate are Keith Candee and Original Thurber Ranch, LLC (collectively, "Candee Parties" or "Plaintiffs").

On August 26, 2016, the Candee Parties filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) ("Complaint"). The Complaint generally alleges that the Candee Parties held validly recorded easements which burdened the Debtors' property. The Complaint further alleges that despite their knowledge of the validity of the easements, the Debtors interfered with the Candee Parties' use of the easements, trespassed on the Plaintiffs' property, committed unlawful acts of violence, threatened the Plaintiffs, and placed a fence to attempt to exercise domain over the disputed property.

**United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar**

___

**Wednesday, January 9, 2019**                                    **Hearing Room    303**

___

2:00 PM
**CONT...**        **Tarek El Sayed Ayoub**                                **Chapter 7**

On June 10, 2015, the Superior Court of California in the County of Riverside
(the "State Court") rendered Judgment ("Judgment") in favor of the Plaintiffs in the
state court action entitled *Gabriela Ayoub v. Keith H. Candee* and related cross-action,
Case No. MCC1301436 (the "State Court Action"). The Debtors both participated in
the State Court Action and were represented by counsel. The State Court's Judgment
was supported by a statement of decision setting forth its factual findings and
conclusions of law (the "Decision"). The Decision makes clear that the grounds for
damages was based on findings that the Debtors committed intentional torts of
conversion, trespass, and private nuisance interfering with easements.

On November 21, 2018, the Plaintiffs filed a Motion for Summary Judgment
(the "Motion"). The Debtors filed their response on December 19, 2018 ("Response"),
and the Plaintiffs filed their reply to the Response on December 26, 2018 ("Reply").

**DISCUSSION**
Issue preclusion may provide a proper basis for granting summary judgment.
*San Remo Hotel, L.P. v. San Francisco City and Cnty.*, 364 F.3d 1088, 1094 (9th
Cir.2004). To meet its burden on a motion for summary judgment based on issue
preclusion, the proponent must have pinpointed the exact issues litigated in the prior
action and introduced a record establishing the controlling facts. *Honkanen v. Hopper
(In re Honkanen)*, 446 B.R. 373, 382 (9th Cir. BAP2011); Kelly v. Okoye (In re
Kelly), 182 B.R. 255, 258 (9th Cir. BAP1995).

Issue preclusion may apply in bankruptcy discharge proceedings. *Grogan v.
Garner*, 498 U.S. 279, 284 (1991). The preclusive effect of a state court judgment in
a subsequent federal lawsuit generally is determined by the Full Faith and Credit Act,
28 U.S.C. § 1738, which provides that state judicial proceedings "shall have the same
full faith and credit in every court within the United States ... as they have by law or
usage in the courts of such State ... from which they are taken." *Marrese v. Am.
Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). When state preclusion
law controls, the decision to apply the doctrine is made in accordance with state law.
*Khaligh v. Hadegh (In re Khaligh)*, 338 B.R. 817, 823 (9th Cir. BAP2006), aff'd, 506
F.3d 956 (9th Cir.2007).

___

### United States Bankruptcy Court
### Central District of California
#### Riverside
#### Judge Mark Houle, Presiding
#### Courtroom 303 Calendar

---

**Wednesday, January 9, 2019**                                      **Hearing Room        303**

---

2:00 PM
**CONT...         Tarek El Sayed Ayoub**                                            **Chapter 7**

Under California law, the party asserting issue preclusion has the burden of
establishing the following threshold requirements:

(1) The issue sought to be precluded from relitigation must be the ***identical
issue*** to that decided in a former proceeding;

(2) This issue must have been ***actually litigated*** in the former proceeding;

(3) It must have been ***necessarily decided*** in the former proceeding;

(4) The decision in the former proceeding must be ***final and on the merits***;
and

(5) The party against whom preclusion is sought must be the ***same party***
as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001) (citing
*Lucindo v.Super. Ct.*, 795 P.2d 1223, 1225 (Cal.1990))(emphasis added). These are
known as the "*Harmon* " factors. But even if these five requirements are met,
application of issue preclusion under California law requires a "mandatory
'additional' inquiry into whether imposition of issue preclusion would be fair and
consistent with sound public policy." *Khaligh*, 338 B.R. at 824–25. "The purposes of
the doctrine are to promote judicial economy by minimizing repetitive litigation,
preventing inconsistent judgments which undermine the integrity of the judicial
system and to protect against vexatious litigation." *Younan v. Caruso*, 51 Cal.App. 4th
401, 407 (1996).

### I.      WILLFUL INJURY (State of Mind)

To show that a debtor's conduct is willful requires proof that the debtor
deliberately or intentionally injured the creditor, and that in doing so, the debtor
intended the consequences of his act, not just the act itself. *Kawaauhau v. Geiger*, 523
U.S. 57, 60–61 (1998); *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1143 (9th Cir.2002).
The debtor must act with a subjective motive to inflict injury, or with a belief that
injury is substantially certain to result from the conduct. *In re Su*, 290 F.3d at 1143.
"Debts arising from **recklessly** or **negligently** inflicted injuries do not fall within the
compass of § 523(a)(6)." *Plyam* at 463 (quoting *Kawaauhau v. Geiger*)(emphasis
added).

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, January 9, 2019**                                           **Hearing Room    303**

---

**2:00 PM**
**CONT...        Tarek El Sayed Ayoub**                                          **Chapter 7**

Here, Exhibit 2 to the Motion contains the Decisions of the State Court. In that decision, the State Court Judge specifically determined that the Debtors committed intentional torts with malice and oppression towards Candee. The Decision goes on to state that the torts, which acts are detailed in the Decision itself, were committed with the specific "intent to cause injury to Candee". (Lieberg Decl. at Ex. 2, p 030, ¶ 49). It was further determined by the State Court that the damages awarded to Candee were reasonably related to the injury and harm caused by Debtors. Here, based on the Court's review of the State Court Decision and the Complaint filed in connection with the Debtors' bankruptcy, the Court finds that:

- The issue sought to be precluded from relitigation is identical to that decided in the State Court Action because the State Court specifically considered the Debtors' subjective intent in seeking to prevent Plaintiff's use of his easements and in connection with the state law causes of action (trespass, conversion, and private nuisance) identified above;
- The issue was actually litigated in the former proceeding and the Debtors were represented by counsel and both testified at the hearing;
- Willfullness was necessarily decided in the former proceeding as set forth in the State Court's Decision, there was a specific finding made as to the Debtors' intent to injure Candee;
- The decision in the former proceeding was final and on the merits and Plaintiffs provided evidence that on appeal, the Judgment was reversed as to a narrow issue not relevant here (Lieberg Decl. at Ex. 6) and that an amended judgment was entered by the Superior Court which did not change the amount of damages or disturb the findings related to the Debtors' intent or to the findings that the Debtors were liable for intentional torts of conversion and trespass (Note: California law regards private nuisance as a theory of damages that can be based in negligence or willfulness but here, the State Court's findings indicate clearly that underlying all of the causes of action was the intent to injure); and
- The party against whom preclusion is sought is the same party as, or in privity with, the party to the former proceeding.

Additionally, as required by California law, the Court has considered whether application of issue preclusion is fair and consistent with sound public policy and answers this question in the affirmative. The Debtors have advanced no argument that

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, January 9, 2019**                                      **Hearing Room      303**

---

2:00 PM
**CONT...**          **Tarek El Sayed Ayoub**                                          **Chapter 7**

would justify setting aside the carefully considered findings of the State Court when they had a full and fair opportunity to litigate these issues in the State Court Action. The Debtors' currently pending action against their prior counsel for malpractice is insufficient to disturb the requirement that the Court afford full faith and credit to the State Court's Judgment. Indeed, should the Debtors prevail in their action they shall have remedies available to them as against their prior counsel. Issue preclusion is appropriate as to the issue of "willfulness" and the Court finds willfulness for purposes of § 523(a)(6) has been established.

**II. MALICIOUS INJURY**
          For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *In re Su*, 290 F.3d at 1143.

          Here, the Decision amply supports a finding that the Debtors actions were committed wrongfully, that they were done intentionally, that they caused injury to Candee, and that they were done without just cause or excuse. Indeed, the State Court found expressly that the Debtors committed various wrongful acts in an attempt to injure Plaintiff Candee and that their testimony at the trial was not credible. Having reviewed, the Decision in its entirety, the Court concludes that the Judgment resolved the issue of maliciousness and that for the reasons stated above with respect to the willfulness analysis, that the requirements for application of collateral estoppel are met regarding this issue. Issue preclusion is appropriate as to the issue of "malicious injury" and the Court finds that malice for purposes of § 523(a)(6) has been established.

**III. DEBTOR OPPOSITION**
          The Debtors dispute the validity of the Judgment. However, their stated rationale that their prior counsel's signature on the Judgment renders it invalid because they have asserted a malpractice suit against her is insufficient as a matter of law. There is no legal argument or case presented to support a finding that the malpractice action would have any impact on the finality of the State Court's Judgment. To the contrary, the Court concurs with the Plaintiffs that the Judgment became final when the Court of Appeals made its ruling and after the time for appeal of the Court of Appeals' ruling lapsed. Next, the Debtors attempt to excise Gabriela

## United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

Wednesday, January 9, 2019                                    Hearing Room    303

2:00 PM
**CONT...    Tarek El Sayed Ayoub**                                    Chapter 7

Ayoub from the Decision. However, although the majority of findings regard Tarek
Ayoub's wrongful acts, the Decision is clear that the State Court considered the
Debtors to be acting in concert and as such, it makes repeated reference to the acts of
the "Ayoub Parties" defined as including both Gabriela and Tarek Ayoub. Thus, the
Debtors' argument that the Decision makes insufficient findings regarding Gabriela
Ayoub is unavailing. Finally, the Debtors raise issues related to the Plaintiffs' forced
sale of the Debtors' residence, however, these issues do not implicate or raise any
cognizable basis to deny the motion which narrowly seeks a judgment declaring the
State Court Judgment nondischargeable pursuant to § 523(a)(6).

### TENTATIVE RULING

The Court's tentative ruling is to GRANT summary judgment in favor of the
Plaintiffs.

APPEARANCES REQUIRED.

| Party Information |
| --- |

**Debtor(s):**

Tarek El Sayed Ayoub                    Represented By
                                        Sherif  Fathy

**Defendant(s):**

Tarek El Sayed Ayoub                    Represented By
                                        Todd L Turoci

Gabriela VIlleda Ayoub                  Represented By
                                        Todd L Turoci

**Joint Debtor(s):**

Gabriela Villeda Ayoub                  Represented By
                                        Sherif  Fathy